## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

—————————————————————  )
                                           )
I WORLD IP HOLDINGS, LLC,                  )      Civ. No. 1:15-cv-_____
                                           )
                       Plaintiff,          )
              v.                           )      **COMPLAINT**
                                           )
MIWORLD ACCESSORIES, LLC                   )
and JUDAH UZIEL,                           )
                                           )      **JURY TRIAL DEMANDED**
                       Defendants.         )
—————————————————————  )

## COMPLAINT

Plaintiff I WORLD IP HOLDINGS, LLC ("Plaintiff"), for its Complaint against MIWORLD ACCESSORIES, LLC and JUDAH UZIEL (individually, "Defendant MiWorld" and "Defendant Uziel," and collectively, "Defendants"), alleges as follows:

## JURISDICTION

1.      This is an action for trademark counterfeiting, trademark infringement, unfair competition, and cyberpiracy prevention arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, trademark dilution arising under New York General Business Law § 360-l, and common law trademark infringement and unfair competition.

2.     This Court has jurisdiction over all causes of action set forth herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and the supplemental jurisdiction of this Court as provided in 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and (c).

4.     This Court has personal jurisdiction over Defendant MiWorld insofar as Defendant MiWorld's principal place of business is located within the State of New York and within this judicial District, and Defendant MiWorld committed the acts referenced in this Complaint within the State of New York and within this judicial District.

5.     This Court has personal jurisdiction over Defendant Uziel insofar as Defendant Uziel is a citizen of the State of New York.

## THE PARTIES

6.     Plaintiff is a Nevada limited liability company with its principal place of business at 10 West 37th Street, 9th Floor, New York, NY 10018.

7.     On information and belief, Defendant MiWorld is a New York limited liability company with its principal place of business at 1 East 33rd Street, 11th Floor, New York, NY 10016.

8.      On information in belief, Defendant Uziel is an adult individual and citizen of the State of New York residing at 1678 East 3rd St., Brooklyn, NY 11230.

## RELEVANT FACTS

9.      Plaintiff offers various tablet, computer, smartphone and mp3 accessories, including earbuds, headphones, smartphone cases and chargers, docking stations for smart phones and mp3 players, speakers, and FM transmitters.

10.     Since at least as early as 2009, Plaintiff has used the mark "IWORLD" (the "iWorld Mark") in interstate commerce in association with its products. Plaintiff has used its iWorld Mark in interstate commerce continuously since at least as early as 2009.

11.     Plaintiff is the owner of U.S. Trademark Registration No. 3,759,061 for its iWorld Mark, which was registered on March 9, 2010 for "audio speakers; earphones; earbuds; protective cases for digital media players; battery chargers; docking stations for digital media players; FM transmitters" (the "iWorld Registration"). The iWorld Mark is registered on the Principal Register and is valid and incontestable. A true and correct extract from the U.S. Patent and Trademark Office's online database summarizing the details of Plaintiff's iWorld Registration is attached hereto as Exhibit "A."

12.    Since at least as early as 2009, Plaintiff has used its iWorld Mark to promote its products by, without limitation, displaying the iWorld Mark on packaging for its products, on labels applied to its products, on Plaintiff's Internet web site, on signs and brochures displayed and distributed at industry tradeshows, and on customer invoices. Plaintiff has sold thousands of smart phone, smart device, and mp3 accessories in connection with its iWorld Mark.

13.    Plaintiff sells its accessories to mass market retailers such as Burlington Coat Factory, TJ Maxx, Rue 21, and Fallas.

14.    Plaintiff has continuously engaged in marketing and advertising its goods under the iWorld Mark as well as engaged in wholesale sales services related to its electronics accessories in connection with its iWorld Mark since at least as early as 2009. As such, Plaintiff has protectable rights in the marketing and sale of electronics accessories in connection with its iWorld Mark.

15.    As a result of its widespread marketing and substantial sales of products in connection with the iWorld Mark, the iWorld Mark is strong and entitled to a wide scope of protection.

16.    On information and belief, Defendants offer accessories for tablets, smartphones and mp3 players, including speakers, headphones, cases, screen protectors, chargers, and sleeves.

17.     On information and belief, Defendants advertise and promote these accessories under the marks "MiWorld" and "MiWorld Accessories" ("MiWorld Marks") at the website www.MiWorldAccessories.com.

18.     On information and belief, Defendants market and sell their accessories to mass market retailers such as Burlington Coat Factory, TJ Maxx, Rue 21, and Fallas.

19.     On information and belief, Defendants began using the MiWorld Mark subsequent to 2009.

20.     On information and belief, Defendants began using the MiWorld Mark subsequent to March 9, 2010.

21.     The products offered by Defendants in association with the MiWorld Mark are identical to the tablet, smartphone and mp3 accessories offered by Plaintiff under its iWorld Mark.

22.     On information and belief, Defendant Uziel is a manager of Defendant MiWorld and controls Defendant MiWorld's use of the MiWorld Mark.

23.     On information and belief, Defendant Uziel is the registrant of the Internet domain name miworldaccessories.com (the "MiWorld Domain Name").

24.     On information and belief, Defendant Uziel knowingly and intentionally registered the MiWorld Domain Name with bad faith intent to profit

from Plaintiff's iWorld Mark, which was distinctive at the time of Defendant Uziel's registration of the MiWorld Domain Name.

25.    Defendants had constructive notice of Plaintiff's iWorld Registration pursuant to 15 U.S.C. §1072.

26.    Notwithstanding such constructive notice, Defendants have used and continue to prominently use the MiWorld Mark in association with smartphone, tablet, and mp3 accessories.

27.    Notwithstanding such constructive notice, Defendant Uziel registered the MiWorld Domain Name.

28.    After a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendants had actual notice of Plaintiff's iWorld Mark prior to Defendant MiWorld's adoption and use of the MiWorld Mark and prior to Defendant Uziel's registration of the MiWorld Domain Name.

29.    Defendants are using the MiWorld Mark without Plaintiff's consent, sponsorship, or authorization.

30.    Defendant Uziel registered the MiWorld Domain Name without Plaintiff's consent or authorization.

31.    Defendants' use of the MiWorld Mark on accessories has caused actual confusion.

32.     On information and belief, Defendants intentionally adopted the MiWorld Mark to profit from the goodwill associated with Plaintiff's iWorld Mark.

33.     Defendants' actions are in bad faith, and have forced Plaintiff to bring this action in this Court to protect its trademark rights in the iWorld Mark.

## COUNT I
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. § 1114)

34.     Paragraphs 1- 33 are realleged and incorporated herein by reference.

35.     Defendants' willful and unauthorized use of the MiWorld Mark constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the iWorld Mark in connection with the sale, offering for sale, distribution, and/or advertising of goods for which Plaintiff holds a federal trademark registration. Such use of the MiWorld Mark is likely to cause confusion, or to cause mistake, or to deceive; and will cause purchasers and potential purchasers to falsely believe that the goods of Defendants have a sponsorship, approval, status, affiliation or connection with Plaintiff.

36.     Without the consent or authorization of Plaintiff, Defendants have applied a reproduction, counterfeit, copy, or colorable imitation of the iWorld Mark onto packaging materials, sales receipts, labels, signs, prints, and used the reproduction, counterfeit, copy, or colorable imitation of the iWorld Mark in

advertisements in commerce in connection with the sale, offering for sale, distribution, and advertising of goods for which Plaintiff holds a federal trademark registration. Such conduct is likely to cause confusion, or to cause mistake, or to deceive, and will cause purchasers and potential purchasers to falsely believe that the goods of Defendants have a sponsorship, approval, status, affiliation or connection with Plaintiff and result in Defendants unfairly and illegally benefitting from Plaintiff's goodwill.

37.    Defendants' acts constitute trademark counterfeiting in violation of 15 U.S.C. § 1114, and have caused, are causing, and will continue to cause damage and other irreparable injury to Plaintiff unless such acts are enjoined by this Court, Plaintiff having no adequate remedy at law.

38.    Defendants' acts are therefore intentional, willful, and are maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

39.    In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) Defendants' profits and any actual damages sustained by Plaintiff, and/or statutory damages of not more than $2,000,000 per mark per type of good sold for Defendants' willful use of a counterfeit mark, and (2) the costs of the instant action. Further, based upon the

8

nature of Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

40.     Paragraphs 1- 33 are realleged and incorporated herein by reference.

41.     Defendants' unauthorized use of the MiWorld Mark constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the iWorld Mark in connection with the sale, offering for sale, distribution, and/or advertising of goods and services that are highly related to the goods and services provided under Plaintiff's registered trademark, and that are marketed through the same channels of trade and to the same class of consumers. Such use of the MiWorld Mark by Defendants is likely to cause confusion, or to cause mistake, or to deceive; and will cause purchasers and potential purchasers to falsely believe that the goods and services of Defendants have a sponsorship, approval, status, affiliation or connection with Plaintiff.

42.     Defendants' use of the MiWorld Mark is confusingly similar to the iWorld Mark, and the unauthorized use of the MiWorld Mark has caused, is causing, and will continue to cause damage and other irreparable injury to Plaintiff unless such use is enjoined by this Court, Plaintiff having no adequate remedy at law.

43.     Upon information and belief, the aforementioned acts of Defendants have been and are being committed with the knowledge that such acts are causing confusion, or are likely to cause confusion, or to cause mistake, or to deceive. Defendants acts are therefore intentional, willful, and are maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

44.     Defendants' use of a mark which is confusingly similar to Plaintiff's registered iWorld Mark, as set forth in U.S. Trademark Registration No. 3,759,061, is an infringement of Plaintiff's rights in and to its federally registered trademark in violation of 15 U.S.C. § 1114.

45.     In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) Defendants' profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of Defendants' violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

## <u>COUNT III</u><br><u>FEDERAL UNFAIR COMPETITION</u><br><u>(15 U.S.C. 1125(a))</u>

46.     Paragraphs 1- 33 are realleged and incorporated herein by reference.

47.     In marketing its aforementioned goods under the MiWorld Mark, Defendants affixed, applied, annexed, or used in connection with their goods and

services, a false designation of origin, or a false or misleading description or representation of fact, that is likely to cause confusion, to cause mistake, or to deceive others to believe that Defendants' goods are made by, sponsored by, approved by, originate with, or are affiliated with Plaintiff. Defendants have caused, with knowledge of such false designation of origin or description or representation, such goods and services to be offered for sale or use in interstate commerce.

48.     Defendants have willfully promoted in interstate commerce the sale of their goods in a manner so as to designate falsely an origin or an association with Plaintiff, with Plaintiff's registered iWorld Mark and with Plaintiff's goods so as to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

49.     Plaintiff has been irreparably damaged by the use of such false designation and/or representation, and will continue to be irreparably damaged unless Defendants' acts are enjoined by this Court, Plaintiff having no adequate remedy at law.

50.     Defendants have intentionally traded upon the goodwill established by Plaintiff in Plaintiff's iWorld Mark through their advertising and sales of identical

goods under a virtually identical mark, and by marketing its goods under this virtually identical mark in interstate commerce.

51.     Defendants' acts, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

52.     In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) Defendants' profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the nature of Defendants' violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

## COUNT IV
## CYBERPIRACY PREVENTION
## (15 U.S.C. § 1125(d))

53.     Paragraphs 1- 33 are realleged and incorporated by reference.

54.     On information and belief, Defendant Uziel registered the MiWorld Domain Name with bad faith intent to profit from Plaintiff's iWorld Mark.

55.     Plaintiff's iWorld Mark was distinctive at the time of registration of the MiWorld Domain Name.

56.     The MiWorld Domain Name is confusingly similar to Plaintiff's iWorld Mark.

57. Defendant Uziel's acts, as set forth above, have caused and will continue to cause damage to Plaintiff, for which Plaintiff is entitled to recover from Defendant Uziel actual profits and damages or statutory damages of no less than $1,000 and no more than $100,000, and the costs of the instant action in accordance with 15 U.S.C. § 1117(a) and (d). Further, based upon the nature of Defendant Uziel's violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees.

58. The aforesaid conduct of Defendant Uziel has irreparably damaged and will continue to irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendant Uziel is enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

59. Paragraphs 1- 33 are realleged and incorporated herein by reference.

60. As a result of the public's association of the iWorld Mark with Plaintiff, Defendants' use of a deceptively similar mark in connection with its goods, which are the same as or are substantially the same as the goods of Plaintiff, is likely to cause confusion, to cause mistake, and deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff.

13

61.     Upon information and belief, Defendants have offered for sale and has sold their goods and services with full prior knowledge of the MiWorld Mark, and Defendants' sale of such goods was and is for the willful and calculated purpose of trading on the goodwill and business reputation of Plaintiff as embodied in and symbolized by the iWorld Mark.

62.     The aforesaid conduct of Defendants constitutes infringement of Plaintiff's common law rights in and to the iWorld Mark under New York common law.

63.     The aforesaid conduct of Defendants has irreparably damaged and will continue to irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are is enjoined and restrained by this Court, Plaintiff having no adequate remedy at law.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

64.     Paragraphs 1- 33 are realleged and incorporated herein by reference.

65.     Upon information and belief, Defendants  promoted  and sold their goods in such a manner as to inevitably suggest an association, affiliation, or sponsorship with, or approval by Plaintiff.

66.     Defendants' conduct has caused actual confusion or mistake, and is likely to cause confusion and mistake, among purchasers as to the origin or

sponsorship of Defendant MiWorld's goods, all to Defendants' profit and to Plaintiff's damage.

67.    Upon information and belief, Defendants intentionally adopted the MiWorld Mark to profit from the goodwill associated with Plaintiff's iWorld Mark.

68.    Defendants' actions are in bad faith.

69.    The aforesaid conduct of Defendants constitutes unfair competition under New York common law.

70.    Plaintiff is entitled to recover from Defendants damages sustained by Plaintiff.

71.    Defendants conduct has irreparably damaged and will continue to irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendants are enjoined and restrained by this Court.

## COUNT VII
## NEW YORK TRADEMARK DILUTION
## (N.Y. Gen. Bus. Law § 360-l)

72.    Paragraphs 1- 33 are realleged and incorporated herein by reference.

73.    Plaintiff's iWorld Mark is distinctive.

74.    Defendants' unauthorized use of the MiWorld Mark dilutes or is likely to dilute the distinctive quality of Plaintiff's iWorld Mark in violation of New York General Business Law § 360-1.

75.     The aforesaid conduct of Defendants has irreparably damaged and will continue to irreparably damage Plaintiff, together with its goodwill and reputation, unless Defendant is enjoined and restrained by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1.     That Defendant MiWorld, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant MiWorld, including but not limited to Defendant Uziel, be preliminarily and permanently enjoined and restrained from offering for sale, and/or selling goods or providing services, or promoting and/or authorizing the sale or providing services, under the MiWorld Mark, or a combination thereof, or any other designation, trademark or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants goods or from otherwise infringing Plaintiff's registered trademark.

2.     That this Court order Defendants to deliver up for destruction all existing goods in their possession, custody, or control and all documents, signs, packages, forms, advertisements, business cards, letterheads, and/or other representations and means for reproducing the same, or any printed or recorded material that makes references to or depicts the MiWorld Mark, or any designation

or mark similar to the iWorld Mark, and to destroy or remove all other uses of marks similar to Plaintiff's registered iWorld Mark.

3.    That Defendants be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctions of the immediately preceding paragraphs and any other provision of this Court's Order.

4.    That an accounting be conducted and judgment be rendered against Defendants, jointly and severally, for:

a.    all profits received by Defendants from the sale of goods under the MiWorld Mark and any other trademark, service mark or other designation confusingly similar to the iWorld Mark;

b.    all damages in an amount proven at trial from, *inter alia*, Defendants' trademark infringement, unfair competition, false designation of origin and false description or representation of Plaintiff's trademarks, pursuant to 15 U.S.C. § 1051 *et seq* and state law;

c.    all damages in an amount proven at trial from Defendants' use of a counterfeit mark, or, at Plaintiff's election, statutory damages of not more than $2,000,000 per mark per type of good sold for Defendants' willful use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c);

17

      d.     all damages in an amount proven at trial, or at Plaintiff's election, statutory damages of not less than $1,000 and not more than $100,000, for Defendant Uziel's bad faith registration and use of the MiWorld Domain Name, pursuant to 15 U.S.C. § 1117(d);

      e.     any other actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

5.     That any actual damages assessed against Defendants be trebled as provided by 15 U.S.C. § 1117.

6.     That Defendants be required to pay to Plaintiff monetary damages to be used for corrective advertising to be conducted by Plaintiff.

7.     That Plaintiff have and recover its expenses in this suit, including but not limited to its reasonable attorneys' fees and expenses, recoverable not only under 15 U.S.C. § 1117(a), but also under state law.

8.     That Plaintiff have and recover damages for Plaintiff's loss of business and goodwill suffered.

9.     That Plaintiff have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:  New York, New York
        July 1, 2015.

**SCHWARTZ SLADKUS REICH
GREENBERG ATLAS LLP**

s/Stephen H. Orel
Stephen H. Orel
Steven D. Sladkus
270 Madison Ave.
New York, NY 10016
212-743-7000
sorel@ssrga.com
ssladkus@ssrga.com

***Attorneys for Plaintiff I World IP
Holdings, LLC***

Jeffrey B. Sladkus, *pending pro hac vice
application*
jeff@sladlaw.com
Mark L. Seigel, *pending pro hac vice
application*
mark@sladlaw.com
1827 Powers Ferry Rd.
Building 6, Suite 200
Atlanta, Georgia 30339
Telephone: (404) 252-0900
Facsimile: (404) 252-0970

786543.2